**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:  November 12, 2010

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Tracy Weir
Probation Officer: Doug Randolph

**Criminal Action No.  10-cr-00133-REB-1**

| _Parties:_ | _Counsel:_ |
|---|---|
| UNITED STATES OF AMERICA, | Matthew Kirsch |
|     Plaintiff, | |
| v. | |
| SHAWN R. TIESKOTTER, | Harvey Steinberg |
|     Defendant. | |

**SENTENCING MINUTES**

**11:07 a.m.    Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Court addresses Defendant's Notice of Variance [Doc. No. 92, filed 10/21/2010], Government's Motion for Downward Departure [Doc. No. 99, filed 11/02/2010], and Government's Motion to Dismiss with Prejudice [Doc. No. 102, filed 11/08/2010].

Defendant's counsel was given the opportunity to make a statement on behalf of the defendant, but does not wish to do so.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive

>    sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
> - The position of the government, the defendant, and the probation department;
> - The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That presentence credit shall be determined by the Bureau of Prisons as required by federal law at 18 U.S.C. § 3585;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 2 of the Superseding Indictment;

4. That the pending motions are resolved as follows: Defendant's Notice of Variance [92] (which the court construes as a motion) is **GRANTED**; Government's Motion for Downward Departure [99] is **GRANTED**; Government's Motion to Dismiss with Prejudice [102] is **GRANTED**;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **9 ½ months**;

6. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **3 years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

7. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall make and pay restitution and special victim's fund assessment as ordered and required by the court;

    - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

    - that the defendant shall be placed on home detention for a term of 9 ½ months, to commence within 21 days of **release from imprisonment**, as directed by his probation officer; that all costs and associated expenses shall be borne by the defendant; that the defendant shall make all necessary arrangements to facilitate in-home detention, including but not limited to, providing telephone service that will accommodate and facilitate such in-home detention and monitoring; that the defendant will wear all monitoring devices reasonably required for these purposes and as required by his probation officer; that the defendant shall remain in his residence at all times, except for purposes of employment and other activities expressly approved by his

        probation officer; that the defendant in that regard shall be subject to a curfew as imposed by his probation officer;

- that the defendant shall apply any monies or funds received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unanticipated financial gains to his obligations for restitution and the special victim's fund assessment, as directed by his probation officer;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the defendant shall pay restitution in the amount of $1,181,528 for the benefit of the victims identified in the presentence report, jointly and severally with the two co-defendants in this case, in installments of not less than 10 percent per month of defendant's monthly gross income as determined periodically by his probation officer; provided that interest on restitution is waived;

10. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons within 10 days of designation.

The Defendant waives formal advisement of appeal.

**11:35 a.m.   Court in recess.**

Total time in court: 00:28

Hearing concluded.